IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DEON DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:12-CV-123-TMH |
| | ) | |
| TALLAPOOSA COUNTY JAIL, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on an amended complaint filed by Deon Davis ["Davis"], a former county inmate, in which he challenges conditions to which he was subjected for approximately five months during his incarceration in the Tallapoosa County Jail.  Davis submitted the amended complaint after issuance of an order by this court which (i) advised Davis the defendants listed in the original complaint, the Tallapoosa County Jail and "the whole staff" at the jail, did not constitute proper defendants for purposes of proceeding on his claims, and (ii) required he file an amended complaint naming those individuals personally responsible for the alleged denials of his constitutional rights.  Doc. No. 5 at 1-2.[1]

Upon review of the amended complaint, the court concludes this case is subject to

---

[1] In this order, the court specifically advised Davis "the Tallapoosa County Jail is not a proper defendant as a county jail is not a legal entity subject to suit or liability under 42 U.S.C. § 1983.  *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)."  Doc. No. 5 at 1.

summary dismissal pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[2]

The plaintiff lists the Tallapoosa County Jail as the sole defendant in this cause of action.  As previously noted and under well settled law, a county jail is not a legal entity subject to suit or liability under section 1983.  *Dean*, 951 F.2d at 1214.  In light of the foregoing, the complaint is due to be dismissed as frivolous pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).  *Id.*

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before March 2, 2012**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

---

[2]  The court granted Davis leave to proceed *in forma pauperis*.  Doc. No. 3.  A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

2

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.   *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 17th day of February, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE